IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,

        Plaintiff,

vs.

TERRYLYN MCCAIN,

        Defendant.

No. CIV S-11-0784 GEB EFB PS

FINDINGS AND RECOMMENDATIONS

On March 23, 2011, defendant Terrylyn McCain, proceeding pro se, filed a notice of removal of this action from the Superior Court of the State of California for San Joaquin County. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

////

Defendant's notice of removal and the state court complaints attached thereto reveal that plaintiff is purporting to remove various state court criminal actions. Dckt. No. 1. The notice of removal appears to be based on 28 U.S.C. § 1443.[1] *Id.* However, nothing in the record supports removal on that ground.

Section 1443's applicability is limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (internal quotations omitted). A case may only be removed under § 1443(1) if defendant can satisfy two criteria.[2] "First, [defendant] must assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc*., 446 F.3d 996, 999 (9th Cir. 2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Second, [defendant] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* In general, there must be a state law or constitutional provision that denies the defendant an opportunity to raise a federal right in his state criminal proceeding. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)). The Ninth Circuit has stated that the ground for removal of a state criminal prosecution to federal court under § 1443(1) is "both specific and extremely narrow." *Davis v. Superior*

---

[1] Defendant also cites 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331. However, those statutory provisions only apply to civil actions.

[2] Section 1443 provides that "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.

*Court*, 464 F.2d 1272, 1273 (9th Cir. 1972).

Here, defendant has not met her burden of proof on the first prong since nothing in defendant's notice of removal indicates a denial of racial equality.  She has also not met her burden on the second prong since she "point[s] to no formal expression of state law that prohibits [him]  from enforcing [his] civil rights in state court nor [does he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Patel*, 446 F.3d at 999.  To the extent plaintiff seeks the enforcement of constitutional provisions of general applicability, that is not a sufficient basis to remove defendant's state criminal prosecutions to federal court under § 1443(1).  *Rachel*, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); *Oregon v. Hadsell*, 2008 WL 4534111, at *2 (D. Or. Oct. 3, 2008) (denying petition where the defendant asserted general due process and human rights violations); *D'Hollander v. S.F. County Super. Ct.*, 2009 WL 975428, at *2 (N.D. Cal. Apr. 9, 2009) (stating that § 1443(1) "has no role in accommodating generalized fears of unfairness in the criminal justice system").

Further, § 1443(2) is inapplicable to this case.  The provision "applies only to federal officers or agents performing their duties under federal civil rights laws, as well as to persons authorized to assist them in affirmatively executing those duties and, if the defendant is sued for refusing to act, only to state officers and those authorized to act under them." *Greenwood*, 384 U.S. at 824 n.22.  There is nothing in defendant's notice of removal indicating that defendant is a federal or state officer or person authorized to act under such an officer.

////

////

////

Accordingly, because this court lacks jurisdiction over this action, IT IS HEREBY RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of San Joaquin.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 24, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE